(73 App. Div. 451.)

### McNAMARA et al. v. WILLCOX, Park Com'r.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

CITIES—LICENSES—REVOCATION—PARK COMMISSIONERS—POWER.

    The New York City park commissioner may revoke the right to erect signs on city real property, exercised under a contract with the park commissioner giving such rights, subject to revocation, for a number of years, for a yearly rental, whether the contract be regarded as a license or a grant, as in the latter case it is void, as being beyond the powers of the commissioner.

Appeal from special term, New York county.

Injunction by Thomas McNamara and another against William R. Willcox, as commissioner of parks, to prevent an interference with signs erected by plaintiffs on city property. From an order continuing the injunction, the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

T. Connoly, for appellant.

A. C. Butts, for respondents.

VAN BRUNT, P. J. On the 6th of April, 1900, the then commissioner of parks for the boroughs of Manhattan and Richmond, representing the city of New York, entered into a certain agreement with the plaintiffs whereby the right and privilege of painting and exhibiting on the temporary wooden fence erected or to be erected around and inclosing the site of the New York Public Library Building, on the westerly side of Fifth avenue and Forty-First and Forty-Second streets, advertisements, placards, and advertising signs; such privilege to continue during the period of the existence of such temporary fence unless the agreement should be sooner revoked or annulled as therein provided. The agreement contains certain restrictions, to the effect that the privilege granted should be exercised in a manner satisfactory to the city, and that the licensee should pay a certain rental per annum. The agreement also provided that the privileges granted were personal, and could not be assigned. It also contained a provision for revocation under certain circumstances. On January 31, 1902, the commissioner of parks, acting for the city, served a notice upon the plaintiffs that he deemed it for the interests of the city to cancel and annul such agreement, and that plaintiffs must discontinue the exercise of their privilege under said agreement from and after that date, and forthwith remove all advertising matter published on said fence. Whereupon the plaintiffs commenced this action for the purpose of restraining the defendant from interfering with these advertisements, and obtained a preliminary injunction. The court continued the injunction herein until the trial of the action. It seems to us, upon an examination of the agreement in question, that it was a mere license, revocable at pleasure. There was no grant of any property right of the city which the commissioner of parks had a right to make on behalf of the city, and it was spoken of throughout the agreement as a privilege which was granted to the plaintiffs. If this is not so, and the agreement is held to be a

grant, then, clearly, it was beyond the power of the commissioner of parks to execute it. He has no power to give away or grant any part of the property committed to his care, or the use thereof; and there is nothing in the case of Gushee v. City of New York, 42 App. Div. 37, 58 N. Y. Supp. 967, which in any way conflicts with this view. It was held in that case that the premises leased were the private property of the city, and that it was proper that they should be leased for the use to which they were put, and as long as they were used for that purpose the plaintiffs had a right to rely upon their agreement. But it was expressly stated that if the city should determine, in good faith, to take away the restaurant, the plaintiff would be compelled to submit, because he took the agreement subject to the power which the law has given to the city to make these regulations. There is no pretense in the case at bar that it is the intention to devote any portion of this fence to the purpose of advertising, and the commissioner was clearly right in his efforts to prevent the use of the public property for any such purpose.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs. All concur.