## C. J. SULLIVAN ADVERTISING CO. v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. December 9, 1908.)

1. MUNICIPAL CORPORATIONS (§ 621*)—SHED OVER SIDEWALK—PERMIT—EXTENT OF RIGHT.

Under a permit from the bureau of highways of a city to build a shed over a sidewalk adjacent to a building which had been burned, to protect pedestrians from falling débris, billboards, which were no part of the shed, but intended only for advertising purposes, could not be attached to the shed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1363; Dec. Dig. § 621.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 670*) — REGULATION OF STREETS — RIGHTS OF ABUTTING OWNERS.

Streets, including sidewalks, belong to the public, and abutting owners cannot appropriate them to private uses, and hence cannot confer on another the right to erect a signboard on the sidewalk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1446; Dec. Dig. § 670.*]

3. MUNICIPAL CORPORATIONS (§ 621*)—REGULATION OF STREETS—ERECTION OF SIGNBOARDS.

Under Code of Ordinances of City of New York, § 144, providing that signs, billboards, etc., shall be erected entirely within the building line, the city would have no right to allow a billboard to be erected on the street side of a shed constructed over a sidewalk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1363; Dec. Dig. § 621.*]

Application by the C. J. Sullivan Advertising Company for an injunction pendente lite to restrain the City of New York and others from interfering with billboards. Motion to continue the injunction denied, and injunction dissolved.

Wait & Foster, for plaintiff.

Francis K. Pendleton (Frank B. Pierce, of counsel), for defendants.

SEABURY, J. This is an application for an injunction pendente lite. The plaintiff is a domestic corporation engaged in carrying on the business of advertising in the city of New York. The city, of New York, the president of the borough of Manhattan, the commissioner of public works, and the superintendent of incumbrances in the borough of Manhattan are named in the complaint as defendants. Upon this application the plaintiff seeks to restrain the defendants from in any way tearing down or interfering with certain billboards or signs and the advertisements thereon displayed on the shed erected over the sidewalks at the corner of Fourth avenue and Nineteenth street, in the borough of Manhattan.

The building formerly known as the "Parker Building" was situated at this place. The building was destroyed by fire, but the brick walls, 10 stories in height, still remain standing. These walls have a frontage on Fourth avenue of about 100 feet and a frontage of about the same distance on Nineteenth street. A temporary shed has been constructed to protect pedestrians passing along the sidewalk from falling brick or débris. This shed covers the sidewalk, and is about 12 feet above the sidewalk, and is supported by upright wooden posts placed at the curb of the sidewalk. This shed has been constructed under a permit issued by the bureau of highways of the city of New York. The permit authorized the building of the structure for the purpose of a shed or roof, and for no other purpose. On the street side of the shed, and on a line above and even with the curb, large billboards or signs have been erected. These billboards or signs consist of a wooden frame covered with tin, and are 100 feet in length and from 10 to 18 feet in width. One of these billboards fronts on Fourth avenue, and another of like character fronts on Nineteenth street. Another billboard has been erected at or near the cross-walk

on Nineteenth street, the lower part of which sign comes down to a point within 2 feet of the curb. These billboards or signs are no part of the shed or roof, but are separate structures attached to the shed, and serve no other purpose than that of a surface upon which advertisements are displayed. Upon the billboards are displayed placards and illustrations in colors, advertising theatrical performances and articles that are for sale. Photographs of the billboards or signs are attached to the papers submitted upon this motion.

The permit granted to the plaintiff by the municipal authorities merely authorized the erection of a shed or roof, and did not, either expressly or by implication, authorize the erection of the billboards or signs. Section 144 of the Code of Ordinances of the City of New York provides, among other things, that:

"All fences, signs, billboards and sky signs shall be erected entirely within the building line, and be properly secured, supported and braced, and shall be so constructed as not to be or become dangerous."

The plaintiff contends that, as the shed or roof is lawful, "the mere pasting of signs upon a lawful structure does not render any part of the structure unlawful." This argument begs the question in dispute. The plaintiff had no original right to erect even the shed or roof, and its right to do so was derived from the special permission which the municipal authorities granted to it to do this particular thing. Municipal authority to build a shed or roof for the protection of pedestrians passing along the sidewalk gave the plaintiff no right to use public property for the purpose of its advertising business. It was granted a limited and special authority to do a particular thing for the accomplishment of a definite purpose. Such limited and special authority does not sanction the use of the street for other and different purposes. The plaintiff, therefore, was entirely without authority to erect the billboards or signs.

Such signs being outside of the building line, it is doubtful if the municipal authorities could lawfully have authorized their erection. The streets or highways are public property. The streets, including the sidewalks, belong, "from side to side and end to end," to the public. Abutting owners have no right to appropriate this public property to private uses. The erection of billboards or signs upon or over public property is an appropriation of public property to private uses, and is no more sanctioned by the law than is the public appropriation of private property. That the municipal authorities cannot lawfully permit the use of park property for advertising purposes (Tompkins v. Pallas, 47 Misc. Rep. 309, 95 N. Y. Supp. 875), nor grant a right to exhibit advertisements upon a fence inclosing a public building in the city of New York, has already been determined (McNamara v. Willcox, 73 App. Div. 451, 77 N. Y. Supp. 294). In the present case the municipal authorities have very properly refused to grant the plaintiff permission to display its advertisements upon public property. The plaintiff bases its pretended rights upon a contract made with the abutting owner. A contract with an abutting landowner could confer no such rights upon the plaintiff as it claims over public property. The act of the plaintiff in erecting and maintaining billboards or

signs upon and over public property is without any color of right or legal authority. With quite as much authority might it claim the right to display its advertisements from the walls of the City Hall or any other portion of the public property.

There are a class of cases, which are involved in difficulty, where the public authority, claiming to act under its police power, attempts to restrict or regulate the use of private property. The case at bar in no way resembles such cases. This is not a case where private right is invaded by the police power. This is a case where public right has been invaded by a private trespass continuous in its nature. It has no resemblance to those cases where the sovereign authority seeks to limit or restrain the exercise of individual or private right. It is a case where the public property has been wrongfully invaded by private or individual interests in such a way as to impair the common rights of all in it. The ordinance referred to above is relevant only in connection with the question as to whether the municipality has sanctioned this intrusion upon the public property of which it is the trustee. From the terms of the ordinance it is apparent that the municipality derives no authority from it to sanction such an intrusion upon public property outside of the building line. It is evident, therefore, that the present case is fundamentally different in principle from the "sky sign" cases to which counsel for the plaintiff refers. City of New York v. Wineburgh Adver. Co., 122 App. Div. 748, 107 N. Y. Supp. 478; City of Rochester v. West, 29 App. Div. 125, 51 N. Y. Supp. 482; Gunning System v. City of Buffalo, 75 App. Div. 31, 77 N. Y. Supp. 987.

The latter class of cases deal with signs erected or displayed upon property legally in the possession of private owners. In the present case, an abutting owner or one in privity with him has erected a sign upon public property which is legally in the possession of the city of New York as trustee for all the people of the state. The streets are now the people's highways, as at common law they were regarded as belonging to the king. Long ago, Chief Justice Denio, in Davis v. Mayor of N. Y., 14 N. Y. 506, 515, 67 Am. Dec. 186, declared that "it is essential to the legal idea of such a road that it shall be common to all." The sidewalk is a part of the highway. The highway being common to all, by what right or color of title can this plaintiff, or any abutting owner, assume to appropriate a part of it to their exclusive use? The abutting owner possesses no such right himself and can confer none by deed or contract. The municipal authorities, in sanctioning the erection of a shed for the protection of pedestrians, gave no such right as that which this plaintiff has usurped. An abutting landowner cannot rent for private profit the public property for such uses as he thinks fit. The presence of the billboards upon the public highway is a mere nuisance, which the municipal authorities will do well to abate.

The motion to continue the injunction is denied, and the injunction is dissolved, with costs.