THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISRAEL RIBINOVICH and ISIDOR DIAMOND, Appellants.

Court of Special Sessions of City of New York; Appellate Part, Second Department, June 16, 1939.

*Louis Waldman*, for the appellants.

*William C. Chanler, Corporation Counsel* [*James Hall Prothero* of counsel], for the respondent.

PERLMAN, J. The following question is directly presented by this appeal: May a labor union picket a private business located on the Coney Island boardwalk without first obtaining a permit from the department of parks?

The defendants were convicted of a violation of section 21, chapter 17, article 3 of the Rules and Regulations of the Department of Parks of the City of New York, which prohibits the exhibition of " any sign, placard, notice, declaration or appeal of any kind or description   *   *   *   in any park or upon any park street,

except by permit." Paragraph (b), article I, section 1 of the Rules and Regulations of the Department of Parks expressly places boardwalks within the definition of the word " parks " of the city of New York. Under section 534 of the New York City Charter, the park commissioner is empowered to establish rules and regulations to have the force and effect of law, for the government and protection of public parks.

Defendants are members of the International Brotherhood of Electrical Workers, Local No. 3, and are electricians by trade. On the day in question they were picketing in front of a store, the only entrance to which was located on the boardwalk at Coney Island. Each picket carried a sign which read: " This job unfair to union workers, Local Union #3, established 1891, International Brotherhood of Electrical Workers, affiliated with the American Federation of Labor. When in doubt about electrical work call Gramercy 5-3260." There is no suggestion in the testimony that the defendants' march up and down in front of the premises was not quiet and orderly.

The sole question involved is the applicability and interpretation of the regulation of the park commissioner in question.

A park is a pleasure ground set apart for recreation of the public to promote its health and enjoyment. (*Perrin* v. *New York Central R. R. Co.*, 36 N. Y. 120, 124.) The park commissioner, under the authority granted to him, may establish reasonable rules and regulations to secure to the public the common enjoyment of parks and other recreation areas. (*Williams* v. *Gallatin*, 229 N. Y. 248.) The park commissioner's purpose and unusual accomplishments in developing our park system and keeping the parks free from intrusion of every kind which might interfere in any degree with their complete use for relaxation and recreation are notable and merit due appreciation.

The instant case, however, presents a situation which raises other problems. Abutting upon the boardwalk at Coney Island are a number of private businesses. The entire section to the west of the boardwalk is commercialized. It is undoubtedly true that, as incidental to opportunities for recreation and innocent amusement in public parks, a park commissioner may hire out concessions to private persons who furnish food or refreshments or means of innocent entertainment and amusement. (*Cushee* v. *City of New York*, 42 App. Div. 37; *Blank* v. *Brown*, 217 id. 624.) While the operation of these businesses is subject to rules and regulations of the park commissioner (*Dieppe Corp.* v. *City of New York*, 246 App. Div. 279), they are concededly operated for private gain and profit by private individuals.

With such a situation existing, I do not believe that it was intended by the regulation in question to grant to private businesses operating on city property an immunity from the consequences of labor disputes which other private businesses do not possess. It is my opinion that the fact that the city of New York is the landlord or licensor may not be used as a shield by a private business man against a recognized and lawful industrial weapon. The presence of private business upon or near public property carries with it the likelihood of industrial disputes with all their incidental results. The courts of this State have established the right of peaceful picketing in labor disputes too emphatically to make further vindication needful. (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Interborough Rapid Transit Co.* v. *Lavin*, 247 id. 65.) The Legislature of this State has limited judicial intrusion in labor disputes which involve conflicting consideration of economic policy and which are not primarily the concern of the courts or any executive or administrative official. (Civ. Prac. Act, § 876-a.) In a recent case a city ordinance limiting the right to picket was held unconstitutional. (*Local Union #26, National Brotherhood of Operative Potters* v. *City of Kokomo*, 211 Ind. 72; 5 N. E. [2d] 624.)

In view of the fact that the right to peacefully picket is a fundamental right, it becomes the duty of the court to prevent any curtailment of that right. No statute or regulation, no matter how worthy its intendment, should be interpreted in such a way as to interfere unnecessarily with that right.

The respondent relies on *Davis* v. *Massachusetts* (167 U. S. 43). In a very recent decision of the Supreme Court of the United States, (*Hague* v. *Committee for Industrial Organization*, 307 U. S. ——; 59 S. Ct. 954), the scope and effect of this decision is discussed. Mr. Justice Roberts in his opinion writes: " We have no occasion to determine whether, on the facts disclosed, the *Davis case* was rightly decided, but we cannot agree that it rules the instant case. Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens. The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it

must not, in the guise of regulation, be abridged or denied." (See, also, *People* v. *Harris,* —— Col. ——; 91 P. [2d] 989, holding that a construction of a recent statute of the State of Colorado which would prohibit peaceful picketing would be unconstitutional as violating " those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.")

It is also argued by the respondent that the regulation does not prohibit picketing, but prohibits picketing without first obtaining a permit. It might well be that if the defendants had followed the procedure under the regulation, permission to picket in this case might have been granted by the park commissioner. However, if I accept the principle recognized by both the law and policy of this State that peaceful picketing is a fundamental human right, as important as the right of free speech and assembly, the exercise of that right cannot be made dependent upon the favor of any individual or board. It may be asserted as a matter of right.

It is my opinion that one of the primary purposes of the regulation which it is claimed was violated by the defendants was to prevent exhibition of commercial signs without the permission of the park commissioner. I am constrained to hold upon the facts of this case that the regulation did not intend to prevent peaceful picketing of private businesses in the course of a labor dispute.

The judgment of conviction should be reversed and complaint dismissed.

KOZICKI, J., and BAYES, Ch. J., concur; BAYES, Ch. J., with opinion.

BAYES, Ch. J. (concurring). I concur in the opinion of Mr. Justice PERLMAN. My views upon the main points relied upon by the appellant may be summarized as follows: .

*First.* The rules and regulations in question do not in express terms or impliedly undertake to prevent or limit picketing.

*Second.* If otherwise construed, the rules and regulations (Chap. 17, art. 3, § 21) would be contrary to the declared general policy of the State as expressed in the Civil Practice Act, section 876-a, subdivision 1, paragraph (f), clause (5). (Laws of 1935, chap. 477.)

*Third.* If the right to peaceful picketing were to be abrogated or limited, a constitutional amendment to that effect would be required.

Accordingly I vote to reverse the judgment and dismiss the complaint.