Chief Judge Desmond.
New York City’s Park Commissioner made an agreement with a private business corporation granting the latter the right to construct on a 30-acre site in a public park in the Borough of Queens a golf-driving range with accessory buildings including a parking lot, shops, etc., and to operate the enterprise on a percentage rental basis for 20 years with certain termination rights reserved to the Commissioner. The three plaintiffs as taxpayers brought this action to enjoin the construction work and for a summary judgment declaring that the agreement was a lease of park property and so beyond the Commissioner’s powers to make, under sections 383 and 384 of the New York City Charter. The city in defense asserted that *37 the grant was valid as being not a lease but a mere revocable permit subject to direction, regulation and revocation by the Commissioner. Special Term granted plaintiffs’ motion for summary judgment, holding not only that the agreement was unlawful because it was a true lease and the Commissioner had no leasing powers except with the consent of the Board of Estimate but, further, that by reason of subdivision b of section 384 of the City Charter, even the board itself could not make a lease for more than 10 years.
The Appellate Division affirmed (with a modification no longer important) and defendants appeal here as of right.
We agree with the Special Term and the Appellate Division in their affirmative answer to the only question presented: was this a lease? We hold that as matter of law and on its face it was a lease and not a mere revocable license or grant of a privilege or concession to do particular acts appropriate in a public park and subject to appropriate power in the Commissioner to control the operation and revoke the grant at will. Although the contract speaks of a “ license ” and avoids use of the word “ lease ” it contains many provisions typical of a lease and conferring rights well beyond those of a licensee or holder of a mere temporary privilege (see Gushee v. City of New York, 42 App. Div. 37, 40). Some of those elements are: exclusive use of a specifically bounded 30-acre area; a 20-year term; rental fixed at a percentage of gross receipts; and construction and repair by grantee at its own cost of extensive buildings, a large parking lot, fences, flood-lighting, etc. Since the property was as a park impressed with a trust for the public it could not without legislative sanction be alienated or subjected to anything beyond a revocable permit (Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234, 243; Williams v. Gallatin, 229 N. Y. 248, 253; Williams v. Hylan, 223 App. Div. 48, affd. 248 N. Y. 616; American Dock Co. v. City of New York, 174 Misc. 813, affd. 261 App. Div. 1063, affd. 286 N. Y. 658; Matter of Terrell v. Moses, 4 A D 2d 171; 10 McQuillin, Municipal Corporations [3d ed.], pp. 77, 82).
The difference between a license and a lease is plain enough although in borderline cases sometimes difficult to apply. But even if there were a doubt about it in a case like this, it would be our duty to deny the existence of the power (see Matter of City of New York [Piers Old Nos. 8-11], 228 N. Y. 140, 152). *38 But we entertain no such doubts about this arrangement. A document calling itself a “ license ” is still a lease if it grants not merely a revocable right to be exercised over the grantor’s land without possessing any interest therein but the exclusive right to use and occupy that land (Greenwood Lake & Port Jervis R. R. Co. v. New York & Greenwood Lake R. R. Co., 134 N. Y. 435, 439, 440). The only possible support for the city’s assertion that this is a license only is found in the. provisions as to control by the Commissioner and his right to revoke. The controls are as to prices, times of operation and choice of employees, etc., rather strict and detailed but no more than would reasonably be demanded by a careful owner as against a lessee for such a business use and for so long a term. As to termination, the agreement (besides provision for revocability for violations) is that the Commissioner may “terminate the license when, in his sole judgment, he deems that such termination is necessary by the operation of law, or he deems that the licensed premises are required for a paramount park or other purpose ”, Those last-quoted eight words are not very specific but we read them not as giving the Commissioner any broad rights but as limiting his power of termination to a situation where it can reasonably be said that the city needs the land for a more important or pressing public need. This was not the revocable-at-pleasure clause such as is discussed in McNamara v. Willcox (73 App. Div. 451, 452) nor does it meet the requirement of Gushee v. City of New York (42 App. Div. 37, supra) that the city in such grants must reserve the right to cancel whenever it decides in good faith to do so. This was rather, as said in Williams v. Hylan (223 App. Div. 48, supra), a revocation clause of a kind common in ordinary commercial leases.
The order should be affirmed, with costs.