## (March 31, 1972)

■ VILLAGE OF CROTON-ON-HUDSON, Appellant, v. COUNTY OF WESTCHESTER, Respondent.— In an action for an injunction, plaintiff appeals from an order of the Supreme Court, Westchester County, entered March 22, 1972,

which denied its motion for a preliminary injunction. Order reversed, without costs, and motion granted. In our opinion, the record establishes that the approximately 20 acres of land which the defendant county proposes to excavate and use as a solid waste disposal site were acquired for public park purposes by a special borrowing and have been used as such for over 45 years. While the deeds into the county are in fee and contain no restriction of the land to park use and while there does not appear to have been a formal dedication of the land to such use (cf. *Pearlman* v. *Anderson,* 62 Misc 2d 24, affd. 35 A D 2d 544), we think the long-continued use of the land for park purposes constitutes a dedication and acceptance by implication (cf. *People* v. *Loehfelm,* 102 N. Y. 1, 3–4; *Cook* v. *Harris,* 61 N. Y. 448, 453–454). The ultimate control over the uses of public parks is in the Legislature (cf. *Matter of Lake George Steamboat Co.* v. *Blais,* 30 N Y 2d 48) and this public park land may not be diverted to a different use without specific legislative authorization (cf. *Miller* v. *City of New York,* 15 N Y 2d 34, 37; *Incorporated Vil. of Lloyd Harbor* v. *Town of Huntington,* 4 N Y 2d 182, 190). Moreover, we think that the proposed excavation and filling of this area of park land would constitute the creation of a new solid waste disposal site and that compliance with section 226-b of the County Law was required. The preliminary injunction will not affect, of course, the county's use of the existing land-fill site. Settle order on two days' written notice. Martuscello, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.