269 So.2d 879

Johnnie Mae MASON etc.

v.

B. F. CARROLL etc.

SC 81.

Supreme Court of Alabama.

Nov. 30, 1972.

McCollough, McCollough & Callahan,
Birmingham, for appellant.

Norman & Fitzpatrick, Birmingham, for appellee.

MERRILL, Justice.

Plaintiff took a nonsuit after the demurrer to Count X of the complaint was sustained and appealed.

Plaintiff, seeking damages for the wrongful death of her thirteen year old daughter, alleged that "the Defendants entered into an agreement with the City of Birmingham, a municipal corporation, a copy of which agreement is attached hereto as Exhibit A and incorporated herein and made a part hereof as if set forth herein in its entirety.

"Now Plaintiff avers that the Defendants negligently conducted themselves in the exercise of the license granted in the above and foregoing agreement, by constructing and causing to be maintained upon those certain premises known as 'George Ward Park', a public park, a body of water sufficiently deep for the complete immersion of the body, said body of water being approximately 20 feet in width at its greatest point and approximately 10 feet in depth at its greatest point, thereby creating an unreasonable risk to children of tender years who had become accustomed to resorting to said premises for recreative purposes at the invitation of the City of Birmingham."

After alleging the definition of a swimming pool and the requirement to have a life guard in attendance as required by the City Code, the complaint continued:

"Now Plaintiff avers that the Defendants failed to exercise due care in and about their activities in connection with the license granted to them by the City of Birmingham in the agreement hereinabove set forth, by failing to comply strictly with Section 49–4 of the Birmingham City Code and by failing to take any steps whatsoever to reduce the risk to children of tender years involved in connection with the construction and maintenance of said body of water upon said premises and that as a proximate consequence of the aforesaid negligence of the Defendants, the Plaintiff's daughter died by drowning in said body of water on, to-wit: August 8, 1971, all to Plaintiff's damage in the sum aforesaid, hence this suit. * * *" Section 1 of the attached agreement provides:

"1. Subject to the agreements, requirements and limitations herein ex-

pressed and any reasonable regulations governing the use of George Ward Park which said Park Board might adopt, Licensor hereby grants to Licensee the exclusive right, privilege and license of constructing and operating a nine (9) hole par 3 golf course within the area outlined on the map attached hereto which is by reference made a part hereof, and Licensor grants the Licensee the further right to sell prepackaged food and non-alcoholic drinks by vending machines or otherwise within the licensed premises."

There is no authority given to defendant to operate anything other than the par 3 golf course, and the vending machines.

■ When considering the sufficiency of the allegations of a count on demurrer, the court will assume that the pleader has stated his cause as favorably as possible, and the averments will not be aided by implications or intendments, but the pleading will be construed most strongly against him. Ramsey v. Sentell Oil Co., 280 Ala. 475, 195 So.2d 527; Harper v. Talladega County, 279 Ala. 365, 185 So.2d 388.

■ Although the agreement attached to the complaint refers to the City as "Licensor" and defendant as "Licensee," we think the agreement is a lease instead of a license. In Holt v. City of Montgomery, 212 Ala. 235, 102 So. 49, this court said:

"One of the principal tests in determining whether or not the contract is to be interpreted as a lease or a license is whether or not it gives exclusive possession of the premises against all the world, including the owner, in which case a lease is intended, or whether it merely confers a privilege to occupy under the owner, thereby indicating a license. * * *"

Here, the defendant had the "exclusive right, privilege and license of constructing and operating" the 3 par golf course; the agreement refers in one place to the defendant as "*Lessee*" and in another place it

states that "The Licensee shall maintain throughout the term of this *lease* a public liability insurance policy covering the operations of Licensee upon the *leased premises* written by a corporate insurance company * * *." (Emphasis supplied)

Also, Section 26 of the agreement provides for thirty days written notice of termination of the agreement if its provisions are breached, and "Upon any such termination of this agreement, the Licensor shall have the right to forthwith re-enter the premises and take full possession thereof to the complete exclusion of the Licensee."

It has been held that even though a contract purports to be a license, if it is within the definition of a lease, it will be construed as such. Pitts v. Cincinnati Metropolitan Housing Authority, 160 Ohio St. 129, 113 N.E.2d 869; Miller v. City of New York, 15 N.Y.2d 34, 255 N.Y.S.2d 78, 203 N.E.2d 478. Also, the right given by this contract was not revocable at the will or pleasure of the owner of the land, but was to continue for five years, barring the breach of certain listed conditions. See Messer v. City of Birmingham, 243 Ala. 520, 10 So.2d 760(10).

■ Since we construe what the defendant had was a leasehold interest, there is no merit to appellant's contention that the child was an invitee merely because she would have been an invitee had the leased premises continued to be a part of a public park as they were prior to the lease.

■ We quoted paragraph 1 of the agreement which was made a part of Count X. It stated in part a "par 3 golf course *within the area outlined on the map attached hereto which is by reference made a part hereof*," (Emphasis supplied), but there is no map in this record and, therefore, no premises located or described in Count X or the exhibits attached thereto.

For aught that appears from the allegations of Count X, the child was a trespasser on defendant's premises. In Earnest v.

Regent Pool, Inc., 288 Ala. 68, 257 So.2d 313, it was said:

"A toleration of trespassers does not alter their status. Alabama Great Southern R. R. Co. v. Green, 276 Ala. 120, 159 So.2d 823; Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787.

"Therefore for aught appearing the deceased was a trespasser on the defendant's premises at the time of his unfortunate death. The law has [long] been well settled in this state that a child, as well as an adult, may be a trespasser. Southern Ry. Co. v. Forrister, 158 Ala. 477, 48 So. 69; Ford v. Planters' Chem. & Oil Co., 220 Ala. 669, 126 So. 866; Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182. And the general rule is that the only duty owed to a trespasser is not to willfully or wantonly injure him, City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217, or negligently injure him after his peril is discovered. Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266; Birmingham So. R. R. Co. v. Kendrick, 247 Ala. 573, 25 So.2d 419; Highland Avenue & Belt R. R. Co. v. Robbins, 124 Ala. 113, 27 So. 422; Alabama Great So. R. R. Co. v. Moorer, 116 Ala. 642, 22 So. 900."

In the *Earnest* case, the defendants operated a swimming pool, while here, based on the allegations in Count X, there was merely a pond of water on the premises "sufficiently deep for the complete immersion of the body and which was used collectively by numbers of persons, * * * for swimming and recreative purposes" but not with the other features contained in the definition of a swimming pool in the City Code.

There was no allegation in Count X which charged the breach of a duty owed by the defendant to the child.

The demurrer was properly sustained.

Affirmed.

All the Justices concur.