Hon. William E. Sherwood Town Attorney, Stony Point
This is in response to your letter concerning a local Little League baseball program, in which you pose the following questions:
 1. May a town properly spend general revenues for the construction of a baseball field for a local Little League organization?
 2. It the town can construct such a field, can they restrict its use exclusively to the Little League?
 3. Can a Little League operate a concession stand on town property to help defray the expenses of the Little League organization?
 4. Can a town lease land to the Little League for $1.00 and permit the Little League to operate independently on the property?
 5. Should the town require insurance from the Little League for activities held on town property?
A town board may, pursuant to Town Law, § 220 [4], establish public parks or playgrounds and equip the same with suitable buildings, structures and apparatus. See, also, General Municipal Law, § 242. A town may, therefore, properly spend general revenues for the construction of a baseball field.
We do not believe that a town may construct a baseball field and restrict the use of such field exclusively to a privately run Little League. The statutory authority for park expenditures relates to "public" parks, and an absolute restriction of the general public would seem contrary to the statutory intent. Such a restriction might also be violative of Article VIII, § 1, of the New York State Constitution.
The public body charged with the management and operation of public parks may, "as incidental to opportunities for recreation and innocent amusement * * * hire out concessions to private persons who furnish food or refreshments or means of innocent entertainment and amusement."People v Ribinovich, 171 Misc. 569, 570 (App Pt, Spec Sessions, 2d Dept, 1939). See also, Blank v Browne, 217 App. Div. 624 (2d Dept, 1926);Gushee v City of New York, 42 App. Div. 37 (1st Dept, 1899). Accordingly, it is our opinion that a town may permit a Little League to operate a concession stand on town property to help defray the expenses of the Little League organization. While it is the duty of the public body to let out such concessions under terms which are fair and just (Blank vBrowne, supra), it seems to us that the collateral and intangible benefits derived by the town may be considered in fixing the terms of the concession.
It would be improper for the town to lease the land to the Little League and permit it to operate independently thereon, since "the property was as a park impressed with a trust for the public it could not without legislative sanction be alienated or subjected to anything beyond a revocable permit." Miller v City of New York, 15 N.Y.2d 34 (1964). The park is a town facility, and its use should be controlled by the town.
As to whether the town should require insurance from the Little League for its activities on town property, the matter is discretionary, but it seems prudent to us to require such insurance.
From all of the foregoing, it is our opinion that (1) the Town of Stony Point may properly spend general revenues for the construction of a baseball field; (2) use of a baseball field in a town park may not be restricted exclusively to a privately run Little League; (3) the town may permit a Little League to operate a concession stand on town property; and (4) it would be improper for the town to lease land in a town park to a privately run Little League and allow it to operate independently thereon.