John J. Pappalardo, Esq. Village Attorney, Tuckahoe
You ask whether a village may discontinue the use of certain land for park purposes and instead permit the Street Department to use the land.
In a telephone conversation you informed us that the village acquired the land from private parties by deed without restrictions. The village has not formally dedicated the land for park purposes. You advised us that the village has improved the land to some extent with recreational facilities and that the land has been used by the public as a park. You do not have the details as to the extent of the improvement, the length of time over which the land has been used as a park by the public or the extent of such use.
Park land is held in the public trust and may not be diverted to other uses or sold without authorization by the State Legislature (Miller v City of New York, 15 N.Y.2d 34, 37 [1964]; Incorporated Village of Lloyd Harbor v Huntington, 4 N.Y.2d 182, 190 [1958]; Brooklyn Park Commissioners v Armstrong, 45 N.Y. 234, 243 [1871]). Land can become dedicated for park purposes through specific provision in the deed, trust or other instrument transferring the land to a municipality (McQuillin, Municipal Corporations, 3rd Edition, § 25-52a; Pearlman v Anderson, 62 Misc.2d 24, 26 [Sup Ct, Nassau Co, 1970] affd on opn below 35 A.D.2d 544 [2d Dept, 1970]). A municipality may itself dedicate land for the park purposes Gewirtz v City of Long Beach, 69 Misc.2d 763
[Sup Ct, Nassau Co, 1972], affd on opn below 45 A.D.2d 841 [2d Dept, 1974]).
In some cases the dedication by a municipality will be obvious from the passage of a local law or ordinance establishing a park followed by its improvement and extensive use by the public (ibid.). In Pearlman vAnderson, supra, land had been acquired by a village for general purposes without any restrictions in the deeds conveying the land as to future use, and with no express dedication of the land for park purposes by the municipality. The fact that the village cleared the property, put in a few shrubs and trees, constructed walkways with four or five benches combined with the use of the property to a small degree as a park did not serve to place the property in trust for park purposes (id., p 26). However, absent any restrictions in the deed and without any formal dedication of the land for park use, it has been held that continued use of land acquired for park purposes for over 45 years as a public park constitutes a dedication and acceptance by implication (Village ofCroton-On-Hudson v County of Westchester, 38 A.D.2d 979 [2d Dept, 1972]).
We believe that the acts of a municipality in improving land for park purposes and the use of the land by the public as a park can constitute a dedication of the land as a park. The determination of whether such acts and use amount to a dedication is a question of fact.
We conclude that park land may not be sold or diverted to other uses without authorization by the State Legislature. Land can become dedicated for park purposes through its improvement and use as a park. It is a question of fact as to whether such improvement and use amount to a dedication.