George P. McAloon, Esq. Village Attorney, Alexandria Bay
You ask whether a special act of the State Legislature is required to authorize the sale of village property utilized as a public golf course.
You have advised us by letter and telephone that in 1938 your village purchased land from private parties which included a nine-hole golf course and acreage for an additional nine holes. The bond resolution authorizing the purchase provided that the land was to be used for a "public park". The deed to the village did not contain any provisions restricting the future use of the property for golf course purposes. The property was used by the village as a public golf course at various intervals during the 1940s and 1950s. Due to the expense of upkeep and maintenance the use of the property as a public golf course was discontinued in the early 1950s. In 1963 a second bond resolution was enacted by the village, appropriating $20,000.00 of village funds expressly for the purpose of reopening the golf course. In the spring of 1963 the golf course was reopened to the public, and it has remained open since that time. The village has made various improvements to the existing nine-hole course and has obtained plans for the development of nine additional holes. Recently, an individual has offered to purchase the property for the purpose of developing an eighteen-hole golf course.
A municipality may not convey real property which has been dedicated to "park or recreational purposes", without specific State legislative authority (Miller v City of New York, 15 N.Y.2d 34, 37 [1964]; BrooklynPark Commissioners v Armstrong, 45 N.Y. 234, 243 [1871]; Op Atty Gen [Inf] 81-98). Such land is held in the public trust and may not be diverted to other uses or sold without such authorization (ibid.). We believe that use of land as a golf course constitutes a "recreational purpose". The question, therefore, is whether such property has been dedicated to that purpose.
Land can become dedicated to park purposes through specific provision in the deed, trust or other instrument transferring the land to a municipality (Op Atty Gen [Inf] 81-98). An offer by an owner, either express or implied, to appropriate land to public use and an acceptance of such offer, either express or implied, by the public establishes a dedication (Gewirtz v City of Long Beach, 69 Misc.2d 763 [Sup Ct, Nassau Co, 1972], affd on opn below 45 A.D.2d 841 [2d Dept, 1974]). A municipality may itself dedicate land to park purposes (Op Atty Gen [Inf] 81-98). Absent any restrictions in the deed and without any formal dedication of the land for park use, the continued use of land acquired for park purposes for a lengthy period as a public park constitutes a dedication and acceptance by implication (ibid.). The question of whether a dedication has been established in a particular case is a factual matter dependent upon all of the circumstances (People v. Brooklyn Queens Transit Corp., 273 N.Y. 394 [1937]).
In some cases the dedication by a municipality wil be obvious from the passage of a local law or ordinance formally establishing a park followed by its improvement and extensive use by the public (Gewirtz v City ofLong Beach, supra). In other cases the dedication may be less clear but may arise by implication based upon a variety of factors (see Village ofCroton-On-Hudson v County of Westchester, 38 A.D.2d 979 [2d Dept, 1972]). Included among those factors which have been considered by the courts are the following: the purpose for which the property was originally acquired by the municipality; the extent and duration of public use; and the extent to which municipal funds may have been expended to improve the property (see, Village of Croton-On-Hudson, supra;Pearlman v Anderson, 62 Misc. 2 d [Sup Ct, Nassau Co, 1970] affd on opn below 35 A.D.2d 544 [2d Dept, 1970]; 1974 Op Atty Gen [Inf] 315). InVillage of Croton-On-Hudson, supra, it was held that continued use of land acquired for park purposes for over 45 years as a public park constituted a dedication and acceptance by implication. Compare, Pearlmanv Anderson, supra, in which it was held that land acquired by a village for general municipal purposes was not dedicated as a park, even though it was used in part as a park and the village had made minor improvements for park purposes.
We believe, however, that the acts of your village in enacting a bond resolution to purchase land for park purposes and in expending village funds for the improvement of such land as a golf course, together with the use of the land by the public as a golf course over a period of 40 years and continuously since 1963, is sufficient to constitute a dedication of the land as a park (Village of Croton-On-Hudson, supra; Op Atty Gen [Inf] 81-98).
You have also asked whether the New York State Office of Parks, Recreation and Historic Preservation has jurisdiction to prescribe the conditions of the sale of municipal park land. We have been advised that the Department serves in an advisory capacity to the Governor and the Legislature in the event State legislation is required. We recommend that you contact the Department directly for further information.
We conclude that land dedicated to park or recreational purposes may not be sold or diverted to other uses without authorization by the State Legislature. Use of land as a golf course constitutes a recreational use. The acts of a village in purchasing land for park purposes and in expending village funds for the improvement of such land utilized as a public golf course, together with continued public use of such land as a golf course for a lengthy period, is sufficient to constitute the dedication of such land as a park.