Stanley E. Anderson, Jr., Esq. Town Attorney, Lewisboro
Your town has acquired under section 247 of the General Municipal Law a permanent easement for the preservation of open space. You have asked, if the town acquires title to the property which includes this easement, whether the easement merges into the devise of the fee title to the town.
Section 247 of the General Municipal Law is an authorization for municipalities to acquire interests in real property for the preservation of areas characterized by natural beauty or other areas which through their openness, natural condition, or present state of use would enhance the value of surrounding urban development or would maintain the conservation of natural or scenic resources. The acquisition of these interests in real property are declared a public purpose for which public funds may be expended (ibid.).
There is no statutory provision which restricts or prohibits a municipality from discontinuing a use acquired under section 247. As a general rule, where a person holding an easement acquires title in fee to the parcel in which the easement is wholly located, the easement merges into the higher ownership interest and is extinguished (Castle Assoc. vSchwartz, 63 A.D.2d 481, 486-487 [2d Dept, 1978]). However, it is necessary to examine the specific use of the land in question.
A municipality may not convey real property which has been dedicated for park or recreational purposes without specific State legislative authority (Miller v City of New York, 15 N.Y.2d 34, 37 [1964]; Brooklyn ParkCommissioners v Armstrong, 45 N.Y. 234, 243 [1871]; Op Atty Gen [Inf] 81-98). Land used for this purpose is held in the public trust and may not be diverted to other uses or sold without authorization (ibid.). Land can become dedicated to park or recreational purposes through specific provision in the deed, trust, will or other instrument transferring the land to a municipality (Op Atty Gen [Inf] 81-98). An offer by an owner, either express or implied, to appropriate land to such use and an acceptance of such offer, either express or implied, by the public establishes a dedication (Gewirtz v City of Long Beach, 69 Misc.2d 763
[Sup Ct, Nassau Co, 1972], affd on opn below 45 A.D.2d 841 [2d Dept, 1974]). A municipality may itself dedicate land to park purposes (Op Atty Gen [Inf] 81-98). Absent any restrictions in the deed and without any formal dedication of the land for park use, the continued use of land acquired for park purposes for a lengthy period as a public park constitutes a dedication and acceptance by implication (ibid.). The question of whether a dedication has been established in a particular case is a factual matter dependent upon all of the circumstances (Peoplev Brooklyn Queens Transit Corp., 273 N.Y. 394 [1937]).
It is a question of fact beyond the scope of this opinion whether the land acquired under section 247 has been dedicated for park or recreational purposes. In our opinion, the maintenance of land acquired under section 247 in its natural condition, would not, without a dedication as defined above, restrict conveyance or discontinuance of such use. Upon acquisition of the entire fee, the easement would be merged into the higher title. However, if the property has been dedicated to park or recreational use, such use could not be discontinued nor could the land be conveyed without specific State legislative authority.
We conclude that a municipality that has acquired an easement in land to preserve open space under section 247 of the General Municipal Law may discontinue such use provided that the land has not been dedicated to park or recreational uses. Upon acquisition of the entire fee, the easement would merge into the higher title and be extinguished.