J. Timothy Shea, Esq. Informal Opinion Village Attorney No. 96-37 Village of Head of the Harbor Suite 100 S 1393 Veterans Memorial Highway Hauppauge, N Y 11788
Dear Mr. Shea:
You have inquired whether a village has authority to dedicate land as park land. You state that your village took title to a parcel of land by deed which contained no restrictions as to the use of the land. The four and one-half acre parcel consisted of a caretaker's cottage, ice house, well and foundations for a barn, winery, and silo. The village made improvements to the land and structures, which included the landscaping of a park-like area and the development of the caretaker's cottage as the village hall. In order to preserve and protect the historic, educational and aesthetic attributes of the land and structures, the board of trustees is considering the dedication of the four and one-half acre parcel as a park. The dedication would include the historic part of the village hall building and the basement of the building but would exclude that portion of the building presently being used as the village hall. The basement would house a village historic museum and would serve as a meeting room for park and recreation purposes.
You have asked whether the village is authorized to dedicate this area as a park, how this dedication can be accomplished and whether the dedication is subject to a public hearing or referendum.
A municipality may dedicate land for park purposes. Gewitz v. City ofLong Beach, 69 Misc.2d 763 (Sup Ct Nassau Co 1972), affd on opinionbelow, 45 A.D.2d 841 (2d Dept 1974). Alternatively, land can become dedicated for park purposes through a specific provision in the deed, trust or other instrument transferring the land to a municipality.Pearlman v. Anderson, 62 Misc.2d 24, 26 (Sup Ct Nassau Co), affd onopinion below, 35 A.D.2d 544 (2d Dept 1970). Also, absent any restrictions in the deed or other instrument conveying the property and without any formal dedication of the land for park use, continued use of land as a park for a period of time can constitute a dedication and acceptance by implication. Village of Croton-On-Hudson v. County of Westchester,38 A.D.2d 979 (2d Dept), affd, 30 N.Y.2d 959 (1972).
The village board of trustees may dedicate a portion of the parcel in question for park purposes. In our view, the village board may act by resolution or by local law to dedicate this parcel for park purposes. The trustees may act by resolution under section 6-624 of the Village Law. Under that provision, a board of trustees may adopt a resolution authorizing the purchase of land within a village for park purposes. Upon the acquisition of such land, the board may establish and maintain a public park. Thus, it follows that section 6-624 can serve as authority for the establishment, by resolution, of a public park on village owned land. A referendum is not authorized under that section. It is a well established rule of law in this State that a municipality may conduct a referendum only under a specific authorization by the State Legislature.Matter of McCabe v. Voorhis, 243 N.Y. 401 (1926); Mills v. Sweeney,219 N.Y. 213 (1916).
In our view, the dedication of park land may also be accomplished by local law. A village may utilize its authority to enact local laws relating to its property; the protection and enhancement of its physical and visual environment; or the health and well-being of persons or property in the municipality. Municipal Home Rule Law §10(1)(ii)(a)(1), (11) and (13). The procedure for the enactment of local laws must be followed, which includes a public hearing. Id., §§ 20, etseq.A referendum is authorized only if the subject of the local law falls within sections 23 (mandatory referenda) or 24 (referenda on petition) of the Municipal Home Rule Law. A local law dedicating park land is not subject to a referendum.
We note that areas dedicated for park purposes are impressed with a public trust and their use for other than park purposes requires the direct and specific approval of the State Legislature, plainly conferred. Matter of Ackerman v. Steisel, 104 A.D.2d 940, 941 (2d Dept 1984), affd on memorandum below, 66 N.Y.2d 833 (1985).
We conclude that a village by resolution or by local law may dedicate a parcel of land as park land. Once dedicated for park purposes, land may not be used for other purposes without the express authorization of the State Legislature.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions