■ In the Matter of LEO KERNESS, Respondent, et al., Petitioners, v PETER A. A. BERLE, as Commissioner of the Department of Environmental Conservation, State of New York, Appellant, and JOHN M. FLYNN, as Commissioner of the Suffolk County Department of Environmental Conservation, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioners of the New York State and the Suffolk County Departments of Environmental Conservation to enforce provisions of ECL article 17 with respect to certain commercial establishments doing business in and about the County of Suffolk which were allegedly discharging waste water into the ground waters in contravention of article 17, the State commissioner appeals (by permission) from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated May 9, 1980, and resettled by a further order of the same court, dated February 3, 1981, as denied his motion to dismiss the petition as to petitioner Leo Kerness. Order, as resettled, reversed insofar as appealed from, on the law, without costs or disbursements, motion to dismiss as to petitioner Leo Kerness granted, and the petition as to him is dismissed. In this article 78 proceeding, petitioners seek an order in the nature of mandamus requiring the State and County Commissioners of Environmental Conservation to compel 83 entities, such as motels, hotels, restaurants, nursing homes and country clubs, to obtain permits pursuant to provisions of ECL article 17 to discharge laundry "waste" into ground waters. According to the petition, the commissioners were aware that 83 entities were discharging waste into the Suffolk County ground waters "in flagrant violation of the waste discharge limitations and prohibitions and permit requirements of [article 17 of] the Environmental Conservation Law". In denying appellant's motion to dismiss the petition as to petitioner Kerness, Special Term held that the duty to identify those in violation of the requirement to obtain a permit was ministerial and that appellant's moving papers did not adequately demonstrate that the duty to require permits involves discretionary acts. We disagree. Concededly there are statutory duties vested in the respective commissioners to administer both the law and rules and regulations relating to the discharge of waste into ground waters, and the issuance of permits allowing such actions subject to conditions and limitations imposed by the issuing department (see ECL art 17; 6 NYCRR 654.1-655.6, 658.1-659.19, 700.1-700.2, 702.1-704.6, 750.1-750.3, 751.1-751.3, 752.1-752.6, 753.1-753.8, 754.1-754.4, 755.1-755.2, 757.1-757.2). However, in-

volved in the exercise of such duties are questions of judgment, discretion and the allocation of resources and priorities which are inappropriate for resolution in the judicial arena (see *Jones v Beame,* 45 NY2d 402, 407). The acts which petitioner Kerness seeks to compel the commissioners to perform constitute " 'a general course of official conduct or a long series of continuous acts' " (see *Matter of Community Action Against Lead Poisoning v Lyons,* 43 AD2d 201, 203). They also involve the exercise of a great deal of day-to-day judgment and discretion which would be impossible for the courts to oversee (see *James v Board of Educ.,* 42 NY2d 357, 368; *Jones v Beame, supra,* p 407). Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.