■ In the Matter of DOUGLASTON & LITTLE NECK COALITION et al., Appellants, v BRENDAN SEXTON, as Commissioner at the Department of Sanitation of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit the respondent Commissioner of the Department of Sanitation of the City of New York from proceeding with construction of a Sanitation Department garage and to prohibit the respondent Commissioner of the Department of Transportation of the State of New York from issuing a work permit, the petitioners appeal from a judgment of the Supreme Court, Queens County (Santucci, J.), dated March 13, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

On October 4, 1984, the New York City Board of Estimate adopted resolutions approving site selection and a zoning map change for construction of a Department of Sanitation garage on a site bounded by Winchester Boulevard, the Grand Central Parkway and the Cross Island Parkway. Subsequently, a contract for design services was executed, the construction contract was advertised, bids were received and construction contracts were executed.

On October 17, 1986, a foundation permit was issued.

In December 1986 the petitioners commenced the instant CPLR article 78 proceeding. The questions the petition raises concern the legality of the procedures utilized in adopting the October 4, 1984, resolution approving site selection and the zoning map change. The petitioners' claims are based on an alleged failure to follow procedural requirements of the Uniform Land Use Review Procedure of New York City Charter § 197-c (hereinafter ULURP) and the State Environmental Quality Review Act (ECL art 8). In addition, the petitioners claim that the Board of Estimate acted without the legislative authority required where a dedicated park area is to be used for other than a park purpose.

This proceeding should have been commenced within four months of the resolution approving the site selection and

zoning map change, which was the culmination of the allegedly illegal procedures that the petitioners seek to review and which resolution was then final and binding on them *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202-203; *Starburst Realty Corp. v City of New York,* 125 AD2d 148, 152, 155-156, *lv denied* 70 NY2d 605).

Although subsequent incidental or technological changes were made in the plans in order to accommodate the need to minimize the project's impact on the surrounding State roadways, the original 1984 approval, not the issuance of a permit in 1986, triggered the limitations period for the petitioners' claim of procedural noncompliance *(see, Starburst Realty Corp. v City of New York,* 125 AD2d 148, 152, 155-156, *lv denied* 70 NY2d 605, *supra).* Thus, this proceeding was not timely commenced and we reject the petitioners' contention that the limitations period on their claims did not begin to run until the foundation permit was issued on October 17, 1986.

We further find that the petitioners' claims are without merit. While the petitioners correctly point out that legislative approval is required in order to use park areas for other than a park purpose where land was originally acquired by deed restriction or by dedication *(see, Matter of Ackerman v Steisel,* 104 AD2d 940, *affd* 66 NY2d 833), the petitioners have failed to establish that the subject site is a park area which was so acquired. The petitioners submitted various unsworn documents which conflict with other documents in the record, and are particularly contradicted by the affidavit of a title examiner which states the site was acquired for other than park purposes and that it is not designated on the composite map index as a park. Furthermore, the petitioners' ULURP claim is without merit. "The statutory scheme establishing [county] boards and authorizing nonbinding recommendations on the part of those boards does not preclude the ultimate adoption of contracts containing different, even substantially different, terms from those found in the proposals originally considered under ULURP" *(Starburst Realty Corp. v City of New York,* 125 AD2d 148, 156, *lv denied* 70 NY2d 605, *supra).*

Finally, while the petitioners' claim based on the failure to obtain a work permit pursuant to Highway Law § 52 prior to obtaining a foundation permit is not time barred since this proceeding was commenced within four months of the issuance of the foundation permit *(see,* CPLR 217), in view of the uncontradicted assertion by the Commissioner of the Department of Transportation of the State of New York that the State does not have jurisdiction over the proposed garage site

and that the State's structures in the area are adequately protected by agreements reached pursuant to the conditional negative declaration, no work permit is required. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.