■ JOSE A. RIVERA, Respondent-Appellant, v POCONO WHITEWATERS ADVENTURES, Appellant-Respondent. [660 NYS2d 723] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 10, 1996, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint, and held that Pennsylvania law applies to the action, unanimously modified, on the law, to the extent of finding that New York law applies, and otherwise affirmed, without costs or disbursements.

In resolving conflict-of-law questions, courts must apply "the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" (*Babcock v Jackson*, 12 NY2d 473, 481; *see, Neumeier v Kuehner*, 31 NY2d 121, 128). New York has an "important interest in protecting its own residents injured in a foreign State against unfair or anachronistic statutes of that State" (*Schultz v Boy Scouts*, 65 NY2d 189, 199; *see also, Rakaric v Croatian Cultural Club*, 76 AD2d 619, *appeal dismissed* 52 NY2d 1072; *Scharfman v National Jewish Hosp. & Research Ctr.*, 122 AD2d 939). New York has a longstanding policy of disfavoring exculpatory contracts (*see*, General Obligations Law § 5-326; *Stone v Bridgehampton Race Circuit*, 217 AD2d 541, 542, *lv denied* 87 NY2d 809). Accordingly, because of this State's interest in protecting its domiciliary, and because of defendant's solicitation of business in this State, New York law is applicable.

However, the IAS Court properly found that questions of fact exist with respect to the validity of the waiver form executed by plaintiff. It also properly dismissed the second affirmative defense of assumption of the risk. Defendant did not oppose this branch of plaintiff's cross-motion in the IAS Court, and

defendant's arguments should not be considered for the first time on appeal (*City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Wallach, J. P., Nardelli, Rubin and Williams, JJ.