OPINION OF THE COURT
Phillip R. Rumsey, J.
By order dated October 10, 2008, this court determined that respondent is a sex offender who requires civil management under Mental Hygiene Law article 10, and directed that he be subject to a regimen of strict and intensive supervision (SIST). On March 13, 2009, petitioner filed a petition for confinement, pursuant to Mental Hygiene Law § 10.11 (d) (2), alleging that respondent was charged with harassment for striking another person on March 10, 2009 and that such conduct constituted a violation of the SIST conditions. The conduct giving rise to the charge of harassment also served as the basis for issuance of a parole warrant, and respondent continues to be incarcerated pursuant to the parole warrant.[1] On March 20, 2009, the court found, pursuant to Mental Hygiene Law § 10.11 (d) (4), that petitioner had established probable cause that respondent is a dangerous sex offender requiring confinement.
Petitioner has proposed that respondent be evaluated, pursuant to Mental Hygiene Law § 10.11 (d) (1), and that a hearing be held on the confinement petition, pursuant to Mental Hygiene Law § 10.11 (d) (4), when the respondent is released from incarceration. Respondent objects to those provisions, and requests that a hearing be promptly scheduled.
The statute seeks to protect a respondent’s liberty interest by requiring that a confinement petition be filed within five days after a suspected violator is taken into custody and providing for immediate release if a petition is not timely filed (Mental Hygiene Law § 10.11 [d] [2]). In addition, a hearing is required within 30 days after filing of a petition (Mental Hygiene Law § 10.11 [d] [4]); however, the failure to timely commence a hearing shall neither result in the dismissal of the petition nor affect the validity of the hearing (id.). Inasmuch as respondent continues to be incarcerated, pursuant to his original sentence, for violation of the conditions of his parole, he would not be im *194 mediately released from custody even if he were to prevail in opposing the confinement petition.[2]
Similarly, a psychiatric evaluation must ordinarily be conducted within five days after a person is taken into custody for suspected violation of a SIST condition (Mental Hygiene Law § 10.11 [d] [1]); however, the failure to meet the time periods specified for actions by state agencies — such as completion of the required evaluation — does not invalidate later agency action (Mental Hygiene Law § 10.08 [f]).
Because of respondent’s incarceration — with an uncertain release date no earlier than September 2011 — it makes little sense to conduct an evaluation of his current condition, or to conduct a hearing that cannot result in his immediate release. Therefore, the court has concurrently executed an order which provides: (1) for completion of the evaluation within five days after respondent’s release from incarceration; (2) for commencement of the hearing within 30 days after his release; and (3) for respondent’s continued retention, following his release from incarceration, pending the conclusion of a hearing in this matter.

. The court takes judicial notice of the records of the Department of Correctional Services, which show that respondent is currently incarcerated, and that his earliest release date is September 10, 2011.

. Respondent’s parole violation hearing afforded him an opportunity to secure the testimony of witnesses concerning the incident.