■ In the Matter of JAMES AGOGLIA, Appellant, et al., Petitioners, v ADRIAN BENEPE, Commissioner of the New York City Department of Parks and Recreation, et al., Respondents. [924 NYS2d 428]—

Motion by the respondents Adrian Benepe and New York City Department of Parks and Recreation for leave to reargue an appeal from an order and judgment (one paper) of the Supreme Court, Queens County, dated March 13, 2009, which was determined by decision and order of this Court dated October 26, 2010, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated October 26, 2010 (*Matter of Agoglia v Benepe*, 77 AD3d 927 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to remove certain sand dunes from public park land and a beach in Belle Harbor, the petitioner James Agoglia appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Taylor, J.), dated March 13, 2009, as granted the motion of Adrian Benepe and the New York City Department of Parks and Recreation to dismiss the petition pursuant to CPLR 3211 (a) and dismissed the proceeding. Presiding Justice Prudenti has been substituted for former Justice Santucci (see 22 NYCRR 670.1 [c]).

Ordered that the order and judgment is modified, on the law, (1) by adding a provision thereto converting the proceeding to an action to abate and recover damages for a public nuisance, deeming the notice of petition to be the summons, and deeming the petition to be the complaint (*see* CPLR 103 [c]), (2) by deleting the provision thereof granting that branch of the motion which was to dismiss the third cause of action pursuant to CPLR 3211 (a) insofar as asserted by the appellant, and substituting therefor a provision granting that branch of the motion only to the extent of dismissing any claim to recover damages incurred more than *one year and 90 days* prior to the commencement of this proceeding, and (3) by deleting the provision thereof granting that branch of the motion which was to dismiss so much of the first cause of action as sought mandamus to review a determination of the New York City Department of Parks pursuant to CPLR 3211 (a) (3), and substituting therefor a provision granting that branch of the motion which was to dismiss so much of that cause of action as premature; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Queens County, for the entry of an order amending the caption accordingly.

The petitioner James Agoglia (hereinafter the petitioner) lives adjacent to Rockaway Beach in Belle Harbor, Queens. In or around March 1997, the New York City Department of Parks and Recreation (hereinafter NYC Parks) constructed dunes on the public beach at Beach 138th to Beach 142nd. In June 2006 the petitioner requested that NYC Parks remove the dunes, challenging the process by which they were initially constructed, and stating that the dunes had grown substantially in size such that they blocked beach access at the subject streets and had become a safety hazard. In a letter dated July 12, 2006, the Commissioner of NYC Parks responded that the New York State Department of Environmental Conservation (hereinafter the DEC) had recently inspected the dunes and was in the process of preparing a report. The letter also advised that NYC Parks planned to meet with the DEC after the report was issued and, until a resolution was reached between the agencies, no action would be taken on the dunes. In a letter dated August 9, 2006, NYC Parks informed the petitioner that the DEC report was expected within weeks, and that it would be imprudent to act without an understanding of the DEC's position and recommendations.

The petitioners then commenced this proceeding, inter alia, to review NYC Parks' determination and to compel NYC Parks

and the DEC to remove the dunes. The respondents moved to dismiss the petition on several grounds. The Supreme Court dismissed the petition on the ground of lack of standing. The petitioner James Agoglia appeals.

The Supreme Court erred in determining that the petitioner lacked standing to bring this proceeding (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 306 [2009]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773-775 [1991]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]; *Matter of Duke & Benedict v Town of Southeast*, 253 AD2d 877 [1998]). However, we find that dismissal of many of the petitioner's claims was proper on alternative grounds under CPLR 3211 (a) (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]).

The second cause of action, asserted against the DEC, should have been dismissed for failure to state a cause of action upon which relief may be granted. "[M]andamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]). Enforcement of environmental permit regulations involves "questions of judgment, discretion and the allocation of the resources and priorities which are inappropriate for resolution in the judicial arena" (*Matter of Kerness v Berle*, 85 AD2d 695, 696 [1981], *affd* 57 NY2d 1042 [1982]; *see Matter of Kroll v Village of E. Hampton*, 293 AD2d 614 [2002]; *Matter of Dyno v Village of Johnson City*, 261 AD2d 783 [1999]).

The remainder of the petition is asserted against NYC Parks, which moved to dismiss the petition on the further grounds of untimeliness, laches, and failure to state a cause of action. That branch of NYC Parks' motion which was to dismiss the fifth through eighth causes of action for failure to state a cause of action should have been granted, since the petitioners failed to oppose that branch of the motion (*see Sanchez v Village of Ossining*, 271 AD2d 674 [2000]; *Rivera v Pocono Whitewaters Adventures*, 241 AD2d 381 [1997]).

The fourth cause of action alleging violations of the New York City Charter and permit regulations in the initial construction of the dunes in 1997 should have been dismissed as time-barred. The determination to construct the dunes in the first instance was final and binding, at the latest, when the dunes were erected. Accordingly, challenges to the procedures utilized in making that determination are time-barred (*see* CPLR 217 [1]; 7801 [1]; *Matter of Douglaston & Little Neck Coalition v Sexton*, 145 AD2d 480 [1988]).

So much of the first cause of action as sought mandamus to compel NYC Parks to remove the dunes should have been dismissed for failure to state a cause of action, since "mandamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d at 184).

So much of the first cause of action as sought mandamus to review NYC Parks' determination not to remove the dunes should have been dismissed as premature. A CPLR article 78 proceeding to review a determination of a public body or officer must be brought within four months of the date which the determination is "final and binding upon the petitioner" (CPLR 217 [1]; *see* CPLR 7801 [1]; *Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]). The Court of Appeals has identified two requirements for fixing the time when agency action is final and binding upon the petitioner. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action. or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *see Matter of Essex County v Zagata*, 91 NY2d 447, 454 [1998]; *Matter of Putnam v City of Watertown*, 213 AD2d 974 [1995]). Here, neither the July 12, 2006, or August 9, 2006, letters from NYC Parks constitutes final agency action subject to judicial review. NYC Parks had not reached a definitive position on the issue of whether the dunes would be removed and the letters indicated that further agency action would be forthcoming. Accordingly, the requirement of finality was not met and the claim should have been dismissed as not ripe for judicial review (*see* CPLR 7801 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d at 34; *Matter of Essex County v Zagata*, 91 NY2d at 454; *Matter of Putnam v City of Watertown*, 213 AD2d 974 [1995]). We note that ripeness is a matter pertaining to subject matter jurisdiction which may be raised at any time, including sua sponte (*see 333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1178 n 3 [2009]).

However, the third cause of action should not have been dismissed except insofar as it sought to recover damages incurred more than one year and 90 days prior to the commencement of this proceeding. Contrary to NYC Parks' contention, the petitioner sufficiently pleaded a cause of action to abate and recover damages for a public nuisance. "A public

nuisance exists for conduct that amounts to a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 292 [2001]). A private action to abate a public nuisance exists only if it is shown that the person seeking relief suffered special injury beyond that suffered by the community at large. The injury must be different in kind than that suffered by the entire community, not simply different in degree (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d at 292-294; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 334 [1983]; *Booth v Hanson Aggregates N.Y., Inc.*, 16 AD3d 1137 [2005]; *Wheeler v Lebanon Val. Auto Racing Corp.*, 303 AD2d 791 [2003]). Here, in addition to the alleged environmental injuries, the petition alleged that the dunes adversely affected property values on the subject streets, a harm not suffered by the community at large (*see Ackerman v True*, 175 NY 353, 360 [1903]). Accepting, as we must, this allegation as true (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]), the petitioner adequately stated a cause of action to abate a public nuisance.

Further, a public nuisance is a continuing harm and damages are recoverable against a municipal defendant to the extent they are incurred during the one year and 90 days prior to the commencement of the action (*see* General Municipal Law § 50-i [1] [c]; § 50-k [6]; *Baumler v Town of Newstead*, 198 AD2d 777 [1993]; *see also State of New York v General Elec. Co.*, 199 AD2d 595 [1993]). Although, in support of its motion in the Supreme Court, NYC Parks, relying on CPLR 214 (4), argued that any recovery on the public nuisance cause of action should be limited to the three years preceding the commencement of this proceeding, the statute of limitations that actually applies is one year and 90 days (*see* General Municipal Law § 50-i [1] [c]; § 50-k [6]). Accordingly, while that cause of action should not have been dismissed in its entirety, it must be dismissed to the extent that it seeks to recover damages incurred more than one year and 90 days prior to the commencement of this proceeding.

We note that although the petitioner commenced this proceeding as one pursuant to CPLR article 78, he sought certain relief that is cognizable only in an action at law. Since the third cause of action is the only one to survive, we convert the proceeding to an action to abate and recover damages for a public nuisance, and we remit the matter to the Supreme Court, Queens County,

for the entry of an order amending the caption accordingly (*see* CPLR 103 [c]; *Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 5 [1976]; *Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498 [2000]). Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.