# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**984**

**CA 10-02023**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

        V                        MEMORANDUM AND ORDER

STEVEN LASHAWAY, ALSO KNOWN AS STEVEN LASHWAY,
RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (William D. Walsh, A.J.), entered July 19, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order determined that respondent shall remain subject to civil management.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining, inter alia, that he remains subject to civil management pursuant to Mental Hygiene Law article 10 and suspending his right to annual review of his civil management status under section 10.09. In 2008, respondent was determined to be a dangerous sex offender requiring civil management and was committed to a secure treatment facility. Three months into his civil commitment, respondent violated the conditions of his parole and was returned to the custody of the New York State Department of Correctional Services (DOCS). Notwithstanding respondent's incarceration, in 2010 petitioner sought an order of continued confinement after annual review pursuant to section 10.09 (h). Respondent moved to dismiss the petition, contending, inter alia, that he was no longer in the custody of the Commissioner of Mental Health as a result of his incarceration and thus the petition was moot. Supreme Court denied respondent's motion and concluded that, although respondent should remain subject to civil management, his annual review under section 10.09 should be suspended until his release from incarceration.

We reject respondent's contention that the court lacked subject matter jurisdiction. Inasmuch as respondent had been determined to be a "[d]angerous sex offender requiring confinement" (Mental Hygiene Law

§ 10.03 [e]), the court has subject matter jurisdiction of all subsequent Mental Hygiene Law article 10 proceedings (§§ 10.06 [a]; 10.09 [c] - [h]).  Additionally, contrary to respondent's contention, the petition states a cause of action.  We further conclude that respondent remained subject to civil management during his incarceration (*see generally People v Arroyo*, 27 Misc 3d 192, 193-194).  Because of his parole violation, incarceration with DOCS supplanted respondent's civil commitment in a secure treatment facility.  Nevertheless, that change in circumstances did not affect respondent's status as a dangerous sex offender requiring civil management.  Moreover, we conclude that, because any annual review conducted pursuant to section 10.09 would have no effect given respondent's current incarceration, the court properly suspended all such proceedings pending respondent's release from incarceration.

Finally, respondent contends that he did not receive meaningful representation on the grounds that his attorney made errors regarding his DIN number, did not communicate effectively with him and was abusive toward him.  That contention is based on matters outside the record on appeal, however, and thus is not properly before us (*see Matter of State of New York v Campany*, 77 AD3d 92, 99-100, *lv denied* 15 NY3d 713; *Matter of Gray v Kirkpatrick*, 59 AD3d 1092, 1093-1094).

Entered:  November 9, 2012                          Frances E. Cafarell
                                                    Clerk of the Court