■ In the Matter of SENIORS FOR SAFETY et al., Appellants, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Respondents. [957 NYS2d 710]—

Prospect Park West (hereinafter PPW) is a one-way, north-south street in Brooklyn, bordered by Prospect Park to the east and residential and commercial buildings to the west. This matter involves a project by the New York City Department of Transportation (hereinafter the NYCDOT) which, in sum, reduced the total number of travel lanes for motor vehicle traffic on PPW from three to two, and added a dedicated two-way bicycle path separated from motor vehicle traffic by a buffer zone and a parking lane. Prior to the implementation of the project at issue, PPW consisted of five lanes for motor vehicle traffic; the easternmost and westernmost lanes were dedicated parking lanes and the three central lanes were dedicated to moving vehicular traffic. The project was designed in response to, inter alia, a request in 2007 by Brooklyn Community Board 6 to the NYCDOT to "study traffic calming measures on PPW, including the possible installation of a one-way or two-way Class I bicycle path on the eastside of PPW."

The NYCDOT has established three "classes" of bicycle lanes: (1) "bicycle paths," which are separated from motor vehicle traffic (referred to as Class I bicycle paths), (2) "bicycle lanes," which are directly adjacent to motor vehicle traffic (Class II bicycle lanes), and (3) "bicycle routes," which share the lane with motor vehicles. The proposed project was the subject of numerous public meetings, and modifications to the plans were made by the NYCDOT in response to community feedback. The project was ultimately implemented in June 2010, and consisted of the following primary features: the parking lane from the eastern side of PPW was shifted away from the curb, eliminating one of the three lanes formerly dedicated to motor vehicle traffic; in the space created between the new parking lane and the easterly curb, the NYCDOT installed a two-way Class I bicycle path separated from the new parking lane by a painted buffer zone; the NYCDOT also made corresponding changes to traffic signals and signage on the street to reflect the new layout.

By all accounts, the bicycle path was installed in June 2010. It is undisputed that the NYCDOT, through NYCDOT Commissioner Janette Sadik-Khan and other representatives, publicly promised to "monitor the effects of the Prospect Park West project on safety and traffic flow for six months" and to present those findings to the public at the end of the "study period." The parties sharply dispute the purpose of that postconstruc-

tion study, the final results of which were released on January 20, 2011, at a meeting of the Brooklyn Community Board 6 Transportation Committee.

On March 7, 2011, the petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, challenging the NYCDOT's determination to implement the project. The petitioners asserted four causes of action relating to the construction of the bicycle path; the first cause of action alleged that the determination to implement the project and make it permanent was arbitrary and capricious, the second cause of action alleged that the project failed to undergo review by the New York City Landmarks Preservation Commission, and the third and fourth causes of action alleged violations of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and the City Environmental Quality Review rules (62 RCNY 5-01 *et seq.*; hereinafter CEQR). The NYCDOT pleaded in its answer that the four causes of action challenging the construction of a bicycle path were barred by the applicable statute of limitations. The Supreme Court agreed with the NYCDOT and, based upon this affirmative defense, dismissed the proceeding.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "A determination becomes 'final and binding' when two requirements are met; namely, completeness (finality) of the determination, and the exhaustion of administrative remedies" (*Matter of Brown v New York State Racing & Wagering Bd.*, 60 AD3d 107, 112 [2009], quoting *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007] [internal quotation marks omitted]). The party challenging the timeliness of a proceeding, in this case the NYCDOT, bears the burden of establishing that the applicable statute of limitations bars the proceeding (*see Matter of Brown v New York State Racing & Wagering Bd.*, 60 AD3d at 113; *see also Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]).

Here, the NYCDOT established, prima facie, that the project was never publicized or intended to be implemented solely on a trial basis, and that its determination to construct the bicycle path became final and binding, at the latest, in June 2010 (*see Matter of Agoglia v Benepe*, 84 AD3d 1072, 1075 [2011]). However, in opposition, the petitioners raised an issue of fact as to whether the project was initially intended to be implemented solely on a trial basis by submitting, inter alia, the affidavit of Brooklyn Borough President Marty Markowitz, asserting that

NYCDOT Commissioner Sadik-Khan told him, at a meeting on March 1, 2010, that "the PPW bike lane would be implemented on a trial basis" and that "any decision to finalize the PPW bike lane" would be based on data collected during a postconstruction study (*see Macaluso v Del Col*, 95 AD3d 959, 960 [2012]; *cf. Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]). The petitioners also submitted other evidence which, although not conclusive in and of itself, corroborates their contention that the determination to make the project "final and binding" was deferred by the NYCDOT until the end of the study period in January 2011. Commissioner Sadik-Khan disputed Markowitz's claims in her own affidavit, asserting that, at that meeting, neither she nor any member of her staff stated that the project would be implemented on a trial basis. Sadik-Khan also averred that the promised postconstruction monitoring was something that is undertaken for all NYCDOT projects, but was not intended to mean that the project was being implemented on a trial basis.

Based on the foregoing, the Supreme Court erred in holding that the first cause of action was barred by the statute of limitations, without first conducting a factual hearing to resolve disputed issues of fact relating to that issue (*see* CPLR 7804 [h]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a factual hearing and a new determination thereafter on the issue of whether the first cause of action is time-barred, and for further proceedings on that cause of action in the event it is determined to be timely. Prior to the factual hearing, the petitioners are entitled to a determination on the merits of that branch of their motion which was for leave to conduct limited discovery (*see* CPLR 408) regarding whether the project was initially installed on a trial basis.

With respect to the second, third, and fourth causes of action, we agree with the Supreme Court that they were time-barred. The four-month statute of limitations for challenging noncompliance with SEQRA and CEQR regulations is "triggered when the [agency] commit[s] itself to a 'definite course of future decisions'" (*Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848-849 [1996], quoting 6 NYCRR 617.2 [b] [2]; *see* 6 NYCRR 617.2 [b] [3]; *Matter of Lighthouse Hill Civic Assn. v City of New York*, 275 AD2d 322, 324 [2000]). Even if we accept the petitioners' contentions that the NYCDOT deferred the decision to make the project final until the end of the study period, the statute of limitations for SEQRA and CEQR challenges was triggered, at the latest, in June 2010 when the bicycle path was installed, since the NYCDOT had by then committed itself

to a definite course of future decisions. Likewise, the cause of action alleging a failure to refer the project to the New York City Landmarks Preservation Commission is similarly time-barred, since any injury resulting from the failure to do so would have fully ripened when the bicycle path was installed (*see generally Matter of Douglaston & Little Neck Coalition v Sexton*, 145 AD2d 480, 480-481 [1988]). Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.