# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**314**

**CA 11-02578**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

NORMAN CALHOUN, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (CRAIG P. SCHLANGER OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (James C. Tormey, J.), entered September 1, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order denied respondent's motion to dismiss the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: In a proceeding pursuant to Mental Hygiene Law article 10, respondent appeals from an order denying his motion to dismiss the petition alleging that he is a dangerous sex offender requiring civil management. On October 4, 2004, respondent pleaded guilty in Jefferson County to charges of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and possessing an obscene sexual performance by a child (§ 263.11). He was sentenced to a determinate term of incarceration of five years followed by a period of five years of postrelease supervision for the criminal sexual act conviction and to a concurrent indeterminate term of incarceration of 1⅓ to 4 years for the possessing an obscene sexual performance conviction. Respondent was released to postrelease supervision on June 17, 2009, but on September 23, 2009 he was arrested for and charged with violating the conditions of his release by, inter alia, possessing child pornography, and was returned to custody. While awaiting a hearing on that alleged violation, respondent was charged by federal authorities with receiving and possessing child pornography, and he pleaded guilty to those charges on April 26, 2010. He was sentenced in federal court to a 264-month term of incarceration and was thereafter returned to state custody. Upon his return, the Division of Parole revoked his postrelease supervision and imposed a time assessment of 18 months, resulting in a scheduled release date from

state custody of March 23, 2011.

On March 21, 2011, in anticipation of respondent's scheduled release, petitioner commenced this Mental Hygiene Law article 10 proceeding seeking to have respondent adjudged a sex offender in need of civil management. Respondent moved to dismiss the petition for, inter alia, lack of subject matter jurisdiction; specifically, respondent asserted that Supreme Court does not have subject matter jurisdiction to hear an article 10 proceeding in 2013 when he will not be subject to release from federal custody for at least another 19 years. The court denied respondent's motion, finding that article 10 is implicated whenever an individual is subject to release from state custody and that it is immaterial whether he or she may immediately be placed into custody in another jurisdiction. We disagree.

Pursuant to Mental Hygiene Law § 10.05 (b), "[w]hen it appears to an agency [that is responsible for supervising or releasing a person (see § 10.03 [a])] that a person who may be a detained sex offender is nearing an anticipated release from confinement, the agency shall give notice of that fact to the attorney general and to the commissioner of mental health." "Release" is defined as "release, conditional release or discharge from confinement, from community supervision by the department of corrections and community supervision, or from an order of observation, commitment, recommitment or retention" (§ 10.03 [m]). Neither article 10 nor its legislative history address whether the term "release" is limited to a release from state custody or whether it encompasses a release from custody in all jurisdictions.

It is well settled that a court is without subject matter jurisdiction "when it lacks the competence to adjudicate a particular kind of controversy in the first place. As the Court of Appeals has observed, '[t]he question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by the Constitution or statute, to entertain the case before it' " (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 243, quoting *Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718). Moreover, subject matter jurisdiction requires that the matter before the court is ripe (*see Matter of Agoglia v Benepe*, 84 AD3d 1072, 1076). In other words, courts "may not issue judicial decisions that can have no immediate effect and may never resolve anything," and thus "an action may not be maintained if the issue presented for adjudication involves a future event beyond control of the parties which may never occur" (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [internal quotation marks omitted]). It is axiomatic that an article 10 determination issued in 2013 would have no immediate effect on a sex offender who is not to be released from federal prison until 19 to 22 years later, especially considering the well-accepted principle that a sex offender, who is at one point determined to be dangerous, may subsequently be found to no longer be dangerous—a principle recognized by article 10's allowance for *annual* reviews (*see* Mental Hygiene Law § 10.09; *State of New York v Maurice G.*, 32 Misc 3d 380, 389; *see generally Matter of State of New York v Lashaway*, 100 AD3d 1372, 1373; *People v Arroyo*, 27 Misc 3d 192, 194). While a court continues to have subject matter jurisdiction over a sex offender who has previously been determined to

be a dangerous sex offender in need of civil management (*see Lashaway*, 100 AD3d at 1373; *Maurice G.*, 32 Misc 3d at 397; *Arroyo*, 27 Misc 3d at 193-194), here petitioner is seeking an initial determination regarding respondent's status under article 10.  Although the statutory language suggests that a proceeding under article 10 is appropriate when a prisoner is subject to release from state custody (*see* § 10.05 [b]), we do not interpret that language as negating the overarching principle that where, as here, the issue before the court is not ripe for review, the court lacks subject matter jurisdiction (*see generally Agoglia*, 84 AD3d at 1076).  We therefore conclude that the petition must be dismissed.

Entered:  May 3, 2013					Frances E. Cafarell
							Clerk of the Court