Matter of Goldfarb v Ramapo (2018 NY Slip Op 08933)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Goldfarb v Ramapo

2018 NY Slip Op 08933

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-12573
(Index No. 2068/15)

[*1]In the Matter of Daniel Goldfarb, et al., appellants, 
vTown of Ramapo, et al., respondents.

Carlet, Garrison, Klein & Zaretsky, LLP, New York, NY (Norman I. Klein and Virginia T. Shea of counsel), for appellants.
Michael L. Klein, Town Attorney, Suffern, NY (Michael B. Specht of counsel), for respondents Town of Ramapo, Town Board of the Town of Ramapo, and Christopher P. St. Lawrence.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Ramapo dated November 4, 2015, approving the sale of certain property owned by the Town of Ramapo, and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated December 21, 2015. The order and judgment, insofar as appealed from, denied the motion of the petitioners/plaintiffs for a preliminary injunction enjoining the Town of Ramapo from selling the subject property, denied so much of the petition/complaint as sought to annul the resolution on the ground that it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, and, in effect, dismissed that portion of the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In December 2013, the respondent/defendant Town Board of the Town of Ramapo (hereinafter the Town Board) adopted a resolution declaring a 5.93-acre parcel of property owned by the Town of Ramapo to be "surplus" property, and authorizing the Town to sell the property. After a bidding process, the Town accepted a bid from the respondent/defendant Moses Friedman in the sum of $2 million and entered into a contract for the sale of the property. On November 4, 2015, the Town Board adopted a resolution approving the sale. The petitioners/plaintiffs (hereinafter the petitioners), residents of the Town who live in the neighborhood around the property, commenced this hybrid proceeding pursuant to CPLR article 78 to review the resolution approving the sale, and action for declaratory relief. The petitioners alleged in the petition/complaint, inter alia, that the resolution was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, as the property is parkland requiring State legislative approval before it can be sold.
On the same day the petitioners filed the petition/complaint, they moved for a [*2]preliminary injunction enjoining the Town from selling the property. The Supreme Court, inter alia, denied the petitioners' motion, denied so much of the petition/complaint as sought to annul the resolution on the ground that it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, and, in effect, dismissed that portion of the proceeding/action. The petitioners appeal.
The Supreme Court providently exercised its discretion in denying the petitioners' motion for a preliminary injunction. "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895 [internal quotation marks omitted]). To obtain a preliminary injunction, the moving party must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor (see CPLR 6001, 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; Doe v Axelrod, 73 NY2d 748, 750; Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). Here, the petitioners failed to unequivocally establish that the property was parkland by either express or implied dedication (see Powell v City of New York, 85 AD3d 429, 430-431, affd 17 NY3d 715; Matter of Douglaston & Little Neck Coalition v Sexton, 145 AD2d 480, 481; Village of Croton-On-Hudson v County of Westchester, 38 AD2d 979, 980, affd 30 NY2d 959). Therefore, the petitioners did not establish that they were likely to succeed on the merits of the petition (see Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052; Abinanti v Pascale, 41 AD3d 395, 396; Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison, 22 AD3d 587, 590).
In reviewing the subject resolution pursuant to CPLR article 78, the inquiry is limited to whether the resolution was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1007 [internal quotation marks omitted]; see Matter of Holcomb v Williams, 72 AD3d 687, 688). Here, we agree with the Supreme Court that the resolution was not made in violation of lawful procedure, affected by an error of law, or arbitrary and capricious or an abuse of discretion. Accordingly, we agree with the court's determination denying so much of the petition/complaint as sought to annul the resolution on those grounds, and, in effect, dismissing that portion of the proceeding/action.
We do not reach the petitioners' contention concerning the cause of action for declaratory relief, as that cause of action was not addressed by the Supreme Court in the order and judgment appealed from.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court