Matter of State of New York v Jose S. (2024 NY Slip Op 50707(U))

[*1]

Matter of State of New York v Jose S.

2024 NY Slip Op 50707(U)

Decided on June 12, 2024

Supreme Court, Bronx County

Collins, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2024
Supreme Court, Bronx County

In the Matter of the Application of The State of New York, Petitioner,

against
Jose S., Respondent.

Index No. 42030-2023E

Jennifer Gashi, New York State Attorney General's Office 
Tess Alexander, Mental Hygiene Legal Services

Tara A. Collins, J.

The respondent moves pursuant to CPLR §§ 3211(a)(7), 3211(a)(2), 3211(a)(5), and 409(b), to dismiss the petition. The respondent argues that: 1) the petitioner (the state) has failed to state a cause of action; 2) the proceeding is not ripe thus the Court lacks subject matter jurisdiction; 3) his due process rights would be violated by continuing the proceeding; and 4) the petitioner cannot prove he needs civil management (see respondent's motion, dated February 29, 2024). In a response, dated May 7, 2024, the petitioner opposes dismissal. Upon careful consideration of the parties' submissions and relevant case and statutory law, for the reasons set forth below, the respondent's motion is DENIED.
Procedural History
On April 24, 2018, the respondent pled guilty to Criminal Sexual Act in the First Degree, Victim Less than Eleven Years Old (Penal Law § 130.50[3]), and on May 15, 2018, he was sentenced to nine years in prison with ten years of post-release supervision. In a May 24, 2023, letter, the New York State Department of Corrections and Community Supervision ("DOCCS") provided notice that the respondent may be a "detained sex offender" nearing his anticipated release, which was calculated as August 1, 2023 (see letter in court file; MHL §§ 10.03[a] and 10.05[b]). Thereafter:
• On May 26, 2023, the Office of Mental Health ("OMH") referred the matter to a Case Review Team for evaluation pursuant to MHL § 10.05(e); and on May 30, 2023, the respondent was served notice of the referral;
• On or about July 13, 2023, OMH provided notice that the Case Review Team found the respondent was a sex offender in need of civil management;
• On July 20, 2023, the State commenced the instant civil management proceeding by [*2]order to show cause;[FN1]
• On October 19, 2023, a probable cause hearing was held before this Court, after which the Court found there was probable cause to believe the respondent was a sex offender requiring civil management pursuant to MHL § 10.06(k) (see also decision, dated December 12, 2023, in court file);
• The respondent was scheduled to be released from DOCCS custody to an OMH facility on December 20, 2023;
• On December 18, 2023, DOCCS was informed that the respondent was seen by the "Time Allowance Committee" and lost all his "good time credit;"
• DOCCS calculated the respondent's updated earliest release date as November 15, 2024 (approximately fifteen months from his original release date), which it currently remains.

 LEGAL ANALYSIS
Subject matter jurisdiction is the power of a court to adjudicate a particular type of case, and it requires that the case be "ripe" (see State v. Calhoun, 106 AD3d 1470, 1472 [4th Dept 2013]. "Courts may not issue judicial decisions that can have no immediate effect and may never resolve anything," thus "an action may not be maintained if the issue presented for adjudication involves a future event beyond the control of the parties that may never occur" (id. [internal quotation marks omitted]; see State v. Maurice G., 32 Misc 3d 380, 386-87 [Sup Ct, Bronx County 2011]). This proceeding was ripe when it was originally commenced by the petitioner's timely filing of the underlying Article 10 petition on July 20, 2023, when the respondent's release date was set for August 1, 2023. The respondent's contention is that because his earliest release date is now November 15, 2024, the case is no longer ripe and the court has lost subject matter jurisdiction.
MHL § 10.05(b) states that when "a person who may be a detained sex offender is nearing an anticipated release" an agency with jurisdiction (here, DOCCS) shall give notice to OMH and the Attorney General "at least one hundred and twenty days prior to the person's anticipated release." However, failure to do so in that time is not fatal to the validity of the notice or to the subsequent action (see MHL § 10.05[b]). The statute defines "release," but it does not define what is meant by "nearing" an anticipated release date (see MHL § 10.03[m]; Matter of State of New York v. DJ, 23 Misc 3d 612, 617 [Sup Ct, Bronx County 2009]). Further, the statute speaks of an anticipated release date, not a date certain (see MHL § 10.05[b]). Clearly, the Legislature left the timeframe flexible, which is necessary when calculating an event that is subject to change by multiple variables, as was the case here when the respondent's original release date was changed due to the loss of his good time credit. While the statute does not specify the earliest date upon which such notice must be served, to maintain subject matter jurisdiction, that notice cannot be so early that any judicial determinations "can have no immediate effect and may never resolve anything" (see Calhoun, 106 AD3d at 1472).
The Court is mindful that the petitioner's underlying sex offender civil management petition was timely, that the petitioner has already established probable cause to believe the respondent is a sex offender requiring civil management, and that the respondent is currently confined to a DOCCS facility awaiting trial in this matter. The respondent's November 15th [*3]release is approximately nine months from the filing of his dismissal motion, and approximately five months from the issuance of this decision.[FN2]
Against this backdrop, the Court does not find that an adjudication of the respondent as a dangerous sex offender requiring civil management, (MHL §§ 10.07[e] and [f]), at this time will become stale by his new anticipated release date. Further illustrating this point is the fact that if this Court were to grant the respondent's motion with leave to renew, the petitioner would be required to serve new notice almost immediately—approximately mid-July 2024—pursuant to MHL § 10.05(b). Given that notice would be made so soon, judicial economy and efficiency also mitigates against dismissal.
The facts of this case are in stark contrast to the facts of Maurice G. and Calhoun, where the Courts dismissed Article 10 petitions for lack of subject matter jurisdiction. In Maurice G., the respondent had been convicted of another offense while incarcerated for the underlying Article 10 offense that resulted in the revocation of his post-release supervision and the addition of approximately two years, seven months, and fifteen days to his time in prison (over three years from his original release date) (see Maurice G, 32 Misc 3d at 382-383). In Calhoun, a violation of the conditions of the respondent's post-release supervision for the Article 10 offense resulted in a federal conviction for which he was sentenced to approximately twenty-two years in federal prison (see Calhoun, 106 AD3d at 1471). Unlike in those cases, here, the respondent's anticipated release date is not so remote in time that an Article 10 adjudication "involves a future event beyond the control of the parties that may never occur" (Calhoun, 106 AD3d at 1472; see People's exhibit A, State v. Ramsey, Index. No. 18-0302 [Sup Ct, Westchester County 2018]). Notably, as is always the case, the parties' submissions, including expert reports, can be supplemented to reflect any changes in circumstance. Accordingly, the Court finds subject matter jurisdiction has not been lost due to the respondent's earliest release date being changed to November 15, 2024.
The Court has considered and rejected the respondent's other arguments in support of his dismissal motion, especially in light of the Court's ruling on the issue of subject matter jurisdiction. The petitioner has stated a cause of action, the respondent's due process rights will not be violated by continuing the proceeding, and nothing in the respondent's motion shows the petitioner would be unable to meet their burden of proof.
For all these reasons, the respondent's motion to dismiss the Article 10 petition is denied.
This constitutes the decision and order of this Court.
Dated: June 12, 2024
Bronx, New York
Hon. Tara A. Collins, A.J.S.C.

Footnotes

Footnote 1:Between commencement of the proceeding and the probable cause hearing, pursuant to MHL § 10.06(b), venue was changed from Oneida County to Bronx County.

Footnote 2:Pursuant to MHL § 20.07(a), the trial must be held within sixty days of the probable cause determination (unless waived by the respondent or otherwise lawfully delayed), which in this case would have been by December 18, 2023 (see MHL § 10.07(a). The respondent's current release date is approximately eleven months from that date.