Matter of State of New York v Efrain V. (2024 NY Slip Op 50714(U))

[*1]

Matter of State of New York v Efrain V.

2024 NY Slip Op 50714(U)

Decided on June 12, 2024

Supreme Court, Bronx County

Collins, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2024
Supreme Court, Bronx County

In the Matter of the Application of The State of New York, Petitioner,

against
Efrain V., Respondent.

Index No. 42020-2023E

Jeffery Jackson, New York State Attorney General's Office
Jessica M. Botticelli, Mental Hygiene Legal Services

Tara A. Collins, J.

The respondent moves pursuant to CPLR §§ 3211(a)(7), 3211(a)(2), 3211(a)(5), and 409(b), to dismiss the petition. The respondent argues that: 1) the petitioner (the state) has failed to state a cause of action; 2) the proceeding is not ripe thus the Court lacks subject matter jurisdiction; 3) his due process rights would be violated by continuing the proceeding; and 4) the petitioner cannot prove he needs civil management (see respondent's motion, filed March 11, 2024). In a response, dated May 13, 2024, the petitioner opposes dismissal. Upon careful consideration of the parties' submissions and relevant case and statutory law, for the reasons set forth below, the respondent's motion is GRANTED.
Procedural History
On July 13, 2021, the respondent pled guilty to Rape in the Third Degree, and on August 31 2021, he was sentenced to two years in prison with three years of post-release supervision. On December 13, 2022, the New York State Department of Corrections and Community Supervision ("DOCCS") provided notice that the respondent may be a "detained sex offender" nearing his anticipated release, which was calculated as February 21, 2023 (see notice in court file; MHL §§ 10.03[a] and 10.05[b]). Thereafter:
• On December 30, 2022, the Office of Mental Health ("OMH") referred the matter to a Case Review Team for evaluation pursuant to MHL § 10.05(e);
• On January 25, 2023, OMH provided notice that the Case Review Team found the respondent was a sex offender in need of civil management;
• On February 6, 2023, the State commenced the instant civil management proceeding by [*2]order to show cause;[FN1]
• On October 12, 2023, a probable cause hearing was held before this Court, after which the Court found there was probable cause to believe the respondent was a sex offender requiring civil management pursuant to MHL § 10.06(k) (see also decision, dated January 29, 2024, in court file);
• On November 6, 2023, the respondent was arrested under indictment number 73739-23, and was charged with Predatory Sexual Assault Against a Child and related offenses for allegedly engaging in sexual conduct against a child younger than thirteen years old between February 17, 2016 and December 24, 2017;
• The respondent was arraigned on that indictment on November 8, 2023, and he was remanded without bail;
• That case is currently pending in Supreme Court, Bronx County, and the next scheduled court date is June 14, 2024.
LEGAL ANALYSIS
The respondent contends that in light of his arrest and prosecution under indictment 73739-23, his earliest release date is now uncertain, therefore, the case is no longer ripe and the court has lost subject matter jurisdiction. The petitioner maintains that the respondent is still a detained sex offender requiring civil management, all Article 10 statutory requirements have been met thus far, and the Article 10 proceeding should not be subordinate to the pending criminal matter.
MHL § 10.05(b) states that when "a person who may be a detained sex offender is nearing an anticipated release" an agency with jurisdiction (here, DOCCS) shall give notice to OMH and the Attorney General "at least one hundred and twenty days prior to the person's anticipated release." The statute defines "release," but it does not define what is meant by "nearing" an anticipated release date (see MHL § 10.03[m]; Matter of State of New York v. DJ, 23 Misc 3d 612, 617 [Sup Ct, Bronx County 2009]). Further, the statute speaks of an anticipated release date, not a date certain (see MHL § 10.05[b]). While the Legislature left the timeframe to commence Article 10 proceedings flexible, to retain subject matter jurisdiction, the action must still be "ripe" (see State v. Calhoun, 106 AD3d 1470, 1472 [4th Dept 2013]). "Courts may not issue judicial decisions that can have no immediate effect and may never resolve anything," thus "an action may not be maintained if the issue presented for adjudication involves a future event beyond the control of the parties that may never occur" (id. [internal quotation marks omitted]; see State v. Maurice G., 32 Misc 3d 380, 386-87 [Sup Ct, Bronx County 2011]).
This proceeding was clearly ripe when it was originally commenced, when the respondent's release date was set for February 21, 2023. The question is whether it remains ripe since the seventy-year-old respondent is in the midst of a criminal prosecution for a multiple felony offenses which has rendered his anticipated prison release date unknowable at this time.
The Court is mindful that the petitioner's underlying sex offender civil management petition was timely and that the petitioner has already established probable cause to believe the respondent is a sex offender requiring civil management. However, the respondent's criminal case is still in a relatively early stage, with pretrial motions having been decided and his attorney [*3]in the process of reviewing discovery material. At this point there is no way to know when or how the criminal case will resolve. Moreover, the respondent is facing significant prison time. The top count in the indictment, a class A-II felony, carries a maximum sentence of life in prison (Penal Law §§ 70.00[2][a], 130.96). As a potential persistent felony offender, the respondent would be subject to a minimum of fifteen years to life and a maximum of twenty-five years to life in prison should he be convicted of any of the felony counts (Penal Law §§ 70.00[2] and [3]; 70.10[2]). A finding that the respondent suffers from a mental abnormality and requires either civil commitment or strict and intensive supervision in the community (MHL §§ 10.07) is of no consequence because neither outcome is possible at this time or in the foreseeable future. Under these circumstances, the Court cannot say that the Article 10 proceeding remains ripe.
The facts of this case are similar to those of Maurice G. and Calhoun. In Maurice G., the respondent had been convicted of another offense while incarcerated for the underlying Article 10 offense that resulted in the revocation of his post-release supervision and the addition of approximately two years, seven months, and fifteen days to his time in prison (over three years from his original release date) (see Maurice G, 32 Misc 3d at 382-383). In Calhoun, a violation of the conditions of the respondent's post-release supervision for the Article 10 offense resulted in a federal conviction for which he was sentenced to approximately twenty-two years in federal prison (see Calhoun, 106 AD3d at 1471). In both of those cases, the Courts dismissed the Article 10 petitions for lack of subject matter jurisdiction. As in Maurice G. and Calhoun, here, an Article 10 adjudication "involves a future event beyond the control of the parties that may never occur" (Calhoun, 106 AD3d at 1472) since the respondent's anticipated release date in unknown. As such, the Court finds it no longer has subject matter jurisdiction.
Accordingly, the respondent's motion to dismiss the Article 10 petition is GRANTED, with leave for the petitioner to renew.
In light of this decision, the Court need not address the other grounds for dismissal raised by the respondent.
This constitutes the decision and order of the Court.
Dated: June 12, 2024
Bronx, New York
Hon. Tara A. Collins, A.J.S.C.

Footnotes

Footnote 1:Between commencement of the proceeding and the probable cause hearing, pursuant to MHL § 10.06(b), venue was changed from Oneida County to Bronx County.